FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREGG PHILIP MCMURTRY,

    Petitioner – Appellant,

v.

COLORADO BOULDER COUNTY
COURTS (ALL JUDGES),

    Respondent – Appellee.

No. 25-1150
(D.C. No. 1:24-CV-01978-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Gregg McMurtry seeks habeas relief, claiming that he shouldn't be subject to pretrial detention. _See_ 28 U.S.C. § 2241. The district court denied habeas relief based on the need to abstain and Mr. McMurtry's failure to clearly state a cognizable claim. Mr. McMurtry seeks to appeal, but he can do so only by obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

We can issue the certificate only upon a showing that reasonable jurists could debate the correctness of the district court's ruling on the need to abstain and the failure to state a cognizable claim. _Slack v. McDaniel_, 529 U.S. 473, 478 (2000). Because Mr. McMurtry appears pro

se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Even liberally construed, Mr. McMurtry's brief fails to address the district court's reliance on abstention. We thus deny Mr. McMurtry's request for a certificate of appealability. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). And in the absence of a certificate, we dismiss the matter.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Mr. McMurtry has also moved to proceed in forma pauperis. Because he cannot afford the filing fee, we grant leave to proceed in forma pauperis.

2